IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



NATHANIEL A. RICHARDSON, JR.,

    Petitioner,

v.                                        CRIMINAL ACTION NO. 2:96cr153

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM ORDER*

This matter is before the Court on *pro se* Petitioner Nathaniel Richardson's Motion for Relief from Judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6). ECF No. 385. Because Petitioner has failed to obtain authorization from the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") to file a successive petition, the Court lacks jurisdiction to consider this motion. Accordingly, Petitioner's motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On October 28, 1996, a jury found Petitioner guilty of distribution and possession with intent to distribute cocaine base, continuing criminal enterprise and two counts of money laundering.[1] On January 24, 1997, this Court sentenced Petitioner to an aggregate sentence of life imprisonment. As to each Count, the Court sentenced Defendant to life sentences on both the criminal enterprise count and the narcotics count and to 240 months of imprisonment on each of the money laundering counts, all to run concurrently. After Petitioner appealed, the Fourth Circuit affirmed his conviction and sentence. 162 F.3d 1158 (4th Cir. 1998). Petitioner filed a

---

[1] It also found Petitioner guilty of an additional count which the Court subsequently vacated at sentencing.

Petition for Writ of Certiorari in the United States Supreme Court, which the Supreme Court granted. *Richardson v. United States*, 526 U.S. 1155 (1999). The Supreme Court vacated and remanded in light of another case, *Richardson v. United States*, 526 U.S. 813 (1999), which is irrelevant to the issues raised in this motion. On remand, the Fourth Circuit again affirmed Defendant's conviction and sentence. 233 F.3d 223 (4th Cir. 2000). On January 7, 2002, the Supreme Court denied Petitioner's ensuing Petition for a Writ of Certiorari. 534 U.S. 1077 (2002).

On December 4, 2002, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction. On July 16, 2003, the Court denied Petitioner's motion. ECF No. 267. On July 28, 2003, Defendant filed a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure Rule 59(e). ECF No. 269. The Court denied that motion on February 19, 2004. ECF No. 281. On June 17, 2004, the Fourth Circuit dismissed Petitioner's appeals of the Court's denials, 100 F. App'x 909 (4th Cir. 2004), and the Supreme Court subsequently denied Petitioner's Petition for a Writ of Certiorari, 544 U.S. 1009 (2005).

On October 18, 2005, Petitioner filed a motion seeking Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 298. On March 2, 2006, the Court denied that motion, and on August 2, 2006, the Fourth Circuit dismissed Petitioner's appeal. On September 24, 2007, Petitioner filed a second motion pursuant to § 3582(c)(2). The Court construed that motion as a second or successive § 2255 petition and dismissed it on July 9, 2008.

On May 1, 2014, Petitioner filed the instant motion under Federal Rule of Civil Procedure 60(b)(6). On May 20, 2014, the Court ordered the Government to respond. After obtaining a time extension, it filed a Response in Opposition on June 23, 2014. On July 10, 2014, Petitioner filed his Reply. This matter is accordingly fully briefed and ripe for disposition.

## II. LEGAL STANDARDS

A *pro se* petitioner is entitled to have his petition and asserted issues construed liberally. *Pro se* litigants are held to a less stringent standard than attorneys drafting such complaints. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). Petitioner filed his motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner cites subsection (6) of this provision, "any other reason that justifies relief," as the basis for his petition. This is a "catchall provision" limited to "situations involving extraordinary circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46 (4th Cir. 1993). The Rule further provides that such a motion "must be made within a reasonable time."

Although Petitioner has characterized his motion as one falling under Rule 60(b), the Fourth Circuit has held that district courts must nonetheless examine the substance of such a motion to determine whether it is actually the "functiona[l] equivalent to a successive [habeas] application," which "depends on the nature of the claims presented." *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003). If a petitioner files "a motion directly attacking [his] conviction or sentence," such motion will usually amount to the functional equivalent of a habeas

petition. However, where the motion "seek[s] a remedy for some defect in the collateral review process," then it is properly framed as a Rule 60(b) motion to reconsider and a district court may address it on its merits. *Id.* at 207.

If a motion labeled as one falling under Rule 60(b) should instead be treated as a habeas petition, then it is subject to the rules governing 28 U.S.C. § 2255 proceedings. Most notably for this case, those rules provide that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "[D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *Winestock*, 340 F.3d at 206 (citation omitted). *See also Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011); *McKinzie v. United States*, 2012 WL 170890, at *5 (S.D. W.Va. Jan. 20, 2012).

### III. DISCUSSION

Petitioner has previously filed several § 2255 petitions. Because the Court may not entertain successive motions that have not been authorized by the Fourth Circuit, and because there is no indication that Petitioner has obtained such authorization, the Court must first determine whether Petitioner's motion is the "functional equivalent" of a § 2255 petition. The substantive contention of his motion is that his counsel was ineffective for failing to object at sentencing to the application of a five point enhancement for a leadership role. He asserts that this alleged error changed his then-mandatory sentencing range under the U.S. Sentencing Guidelines from 360 years to life imprisonment to simply life imprisonment.

Although this claim attacks his original sentence, Petitioner contends that it should not be considered a successive § 2255 petition because he "implicitly intended" to raise this issue in his first § 2255 petition. He says that he did not do so because the prisoner who prepared his petition told him that such a claim would be "covered" by a claim that *was* raised. Petitioner cites *Peach v. United States*, 468 F.3d 1269 (10th Cir. 2006). That case did indeed note that "not *all* rule 60(b) motions in habeas proceedings should be treated as second or successive applications." *Id.* at 1271 (emphasis added). But like the Fourth Circuit precedent discussed above, *Peach* emphasized that a "true" Rule 60(b) claim is one that "challenges only the integrity of the earlier § 2255 proceedings and not the underlying conviction and sentence." *Id.* at 1272. Petitioner cites no authority for the proposition that the Court's failure to address a claim that was admittedly not before it amounts to a "defect in the integrity of the federal habeas proceedings." *Id.* at 1271. In his initial § 2255, Petitioner claimed *inter alia* that his attorney was ineffective for failing to argue on appeal that the evidence was insufficient to support a 21 U.S.C. § 848 conviction because there was inadequate evidence of his leadership role. Dkt. No. 249. Both claims are entirely distinct from his current argument, which involves double-counting under the Guidelines and not whether there was sufficient evidence to substantively support the enhancement.

By contrast, in *Peach*, the petitioner raised "true" Rule 60(b) motion because he sought to set aside a prior § 2255 order because the district court "had failed to rule on all the claims *asserted* in his § 2255 motion." *Id.* at 1270 (emphasis added). *Peach* is therefore distinguishable from the instant case. It is clear that Petitioner again squarely seeks to "assert a federal basis for relief from the underlying conviction or sentence." *Id.* Accordingly, his motion must be characterized as a successive § 2255 petition. Title 28 United States Code §§ 2244(b)(3)(A) and 2255[2] require

---

[2] Section 2255(h) provides that "[a] second or successive motion must be certified . . . to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

Petitioner to obtain authorization from the Fourth Circuit before filing such a motion. The Court has received no Fourth Circuit order authorizing it to consider this second § 2255 petition, and the record does not show that Petitioner has moved for such an order. Accordingly, Petitioner's motion is **DISMISSED** without prejudice to his right to move the Fourth Circuit for leave to file a successive § 2255 petition.

### IV. CONCLUSION

For the reasons stated above, Petitioner's *pro se* Motion for Relief from Judgment is **DISMISSED** without prejudice to his right to move the Fourth Circuit for leave to file a successive § 2255 petition. The Court has reviewed this motion in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
August 6, 2014

---

clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Even were there not this high bar, it is highly doubtful Petitioner would obtain relief on his claim. The four point leadership enhancement was not assessed on the continuing criminal enterprise count. PSR, Worksheet A, Count 2. Instead, it was applied to the narcotics count and the money laundering counts. *Id.* at Counts 3, 15 & 16. This does not constitute impermissible double counting and it is therefore unlikely his counsel was ineffective for failing to raise such a claim. *United States v. Souffront*, 338 F.3d 809, 833 (7th Cir. 2003).