IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NATHANIEL A. RICHARDSON,

      Petitioner

   v.

                              CRIMINAL ACTION NO.: 2:96cr153

UNITED STATES OF AMERICA,

      Respondent.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is a "Writ of Audita Querela," ECF No. 414, filed by *pro se* litigant

Nathaniel A. Richardson ("Petitioner"), submitted pursuant to Title 28, United States Code,

Section 1651 seeking relief from judgment pursuant to, inter alia, the Supreme Court's rulings in

*United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Morgan*, 346 U.S. 502 (1954).

For the reasons set forth below, Petitioner's instant motion is **DISMISSED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On July 25, 1996, Petitioner was charged in a multi-count indictment alleging violations

of federal drug laws, continuing criminal enterprise, and money laundering. ECF No. 1. On

October 28, 1996, a jury found Petitioner guilty on Count One charging Petitioner with

Conspiracy to Distribute Cocaine Base and Heroin in violation of 21 U.S.C. § 846; Count Two

charging Petitioner with Continuing Criminal Enterprise in violation of 21 U.S.C. § 848; Count

Three charging Petitioner with Distribution and Possession with Intent to Distribute Cocaine

Base in violation of 21 U.S.C. 841(a)(1); and Counts Fifteen and Sixteen charging Petitioner

with Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). ECF No. 122. On February

3, 1997, the Court sentenced Petitioner to life imprisonment on Count Two, life imprisonment on

Count Three, two hundred forty (240) months imprisonment on Count Fifteen, and two hundred

forty (240) months on Count Sixteen, all to be served concurrently. ECF No. 144. The Court

vacated the conviction on Count One. *Id.*

Petitioner appealed, and the United States Court of Appeals for the Fourth Circuit

affirmed judgment. *United States v. Richardson*, 233 F.3d 223 (4th Cir. 2000), *cert. denied*, 534

U.S. 1077 (2002). Petitioner followed with numerous unsuccessful attempts to obtain post-

conviction relief from this judgment including the following: § 2255 Motion to Vacate, Set

Aside, or Correct Sentence on December 04, 2002, ECF No. 249; Rule 59(e) Motion to Alter or

Amend Judgment on July 28, 2003, ECF No. 269; Motion for Modification of Sentence on

October 18, 2005, ECF No. 298; § 3582 Motion for Modification of Sentence on September 24,

2007, ECF No. 323; § 2255 Motion to Vacate, Set Aside, or Correct Sentence on July 9, 2008,

ECF No. 342; and a Rule 60(b) Motion for Relief on May 1, 2014, ECF No. 385.

Petitioner filed the instant Writ of Audita Querela on May 31, 2016. Petitioner alleges

that his sentencing is unconstitutional because it relied on then-mandatory United States

Sentencing Guidelines ("Sentencing Guidelines") and required judicial fact-finding in violation

of his Sixth Amendment right to a jury trial as established in *Booker*, 543 U.S. at 226.

Additionally, Petitioner claims that the mandatory sentencing regime resulted in an unwarranted

sentence that was an extreme disparity from the sentences imposed on his co-defendants and

greater than necessary, contrary to 18 U.S.C. § 3553(a). Finally, Petitioner argues that a Writ of

Audita Querela is the appropriate channel of relief because *Booker* was not retroactively

applicable to enable a collateral attack pursuant to 28 U.S.C. § 2225, and his circumstances are

so extreme and unjust as to deserve this extraordinary writ.

## II. LEGAL STANDARDS

Audita querela is a common law writ "that, if available at all, . . . can only be available

where there is a legal objection to a conviction, which has arisen subsequent to that conviction,

and which is not redressable pursuant to another post-conviction remedy." *United States v.*

*Holder*, 936 F.2d 1, 5 (1st Cir. 1991); *see also In re Van Wagner*, No. 95-8030, 1995 WL

496802 (4th Cir. 1995) (per curiam) (noting a writ of audita querela is only available where a

fundamental error has occurred and there is a legal objection to a conviction arising subsequent

to the conviction and to which other post-conviction remedies are unavailable). "Continuation of

litigation after the final judgment and exhaustion or waiver of any statutory right of review [such

as a § 2255 motion] should be allowed through this extraordinary remedy only under

circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S.

502, 510-11 (1954). Furthermore, relief through audita querela pursuant to the All Writs Act, 28

U.S.C. § 1651, is only available when the remedy sought is not otherwise covered by statute.

*Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("Where a statute specifically addresses the

particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."

(quoting *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S 34, 43 (1985)). Here, as explained

below, Petitioner's claims are cognizable in a § 2255 motion, and thus a writ of audita querela is

not an available remedy. *See United States v. Padilla*, 478 F. Supp. 2d 865, 868 (E.D. Va. 2007)

(citing *Carrington v. United States*, 470 F.3d 920, 923 (9th Cir. 2006)). "The fact that a prisoner

is denied relief pursuant to a section 2255 petition does not entitle him to such extraordinary

3

relief." *Harris v. United States*, No. 2:88CR76, 2006 WL 335627, at *2 (E.D. Va. Feb. 14, 2006)

(citing *In re Rushing-Floyd*, 62 Fed. Appx. 64, 64-65 (4th Cir. 2003)).

 Section 2255 of Title 28 of the United States Code provides prisoners in federal custody a

means to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed

in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Those convicted in

federal court are required to bring collateral attacks challenging the validity of their judgment

and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255," *In re Vial*, 115

F.3d 1192, 1194 (4th Cir. 1997), unless such motion is "inadequate or ineffective to test the

legality of [their] detention," § 2255(e). A federal prisoner may challenge the legality of his

detention through a writ outside of § 2255 in only a limited number of circumstances:

 § 2255 is inadequate and ineffective to test the legality of a conviction when: (1)
 at the time of conviction, settled law of this circuit or the Supreme Court
 established the legality of the conviction; (2) subsequent to the prisoner's direct
 appeal and first § 2255 motion, the substantive law changed such that the conduct
 of which the prisoner was convicted is deemed not to be criminal; and (3) the
 prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule
 is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

### III. DISCUSSION

 In his Writ of Audita Querela, Petitioner claims, based on *United States v. Booker*, 543

U.S. 220 (2005), that his Sixth Amendment right to a jury trial was violated when this Court

sentenced him under the then-mandatory Sentencing Guidelines. Because the Supreme Court did not hold *Booker* to be retroactively applicable on collateral review, Petitioner argues that post-conviction relief under § 2255 is unavailable, and, instead, forms his petition as a writ of audita querela. However, a writ of audita querela is only available when there is no statutory vehicle to collaterally attack a sentence's validity. Because § 2255 provides a means for a prisoner in federal custody to vacate, set aside, or correct a sentence, it is the appropriate remedy, and Petitioner's instant motion, for reasons set forth below, is without merit.

Petitioner's claim fails the "inadequate or ineffective" test set forth above and adopted from *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). At the time of his conviction, Petitioner's conviction was based on settled law. The substantive law did not change so as to make Petitioner's conduct legal; rather, Petitioner does not challenge the criminality of his conduct, but the sentencing. Finally, the rule that Petitioner challenges—the rule established in *Booker*—is precisely one of constitutional law: *Booker* challenged the constitutionality of the then-mandatory Sentencing Guidelines under the Sixth Amendment. Petitioner's claim fails under each prong; thus, § 2255 is the appropriate remedy.

Petitioner argues, however, that *Booker* created a new constitutional rule of law unforeseeable to him at the time of sentencing that coupled with the disparities between his sentence and those of his co-defendants justifies resentencing through the extraordinary writ of audita querela. The challenges Petitioner presents—a new constitutional rule of law and unwarranted sentence disparities among defendants under 18 U.S.C. § 3553(a)(6)—are particularly the types of claims § 2255 was meant to address. But *Booker* was not made retroactively applicable to collateral attack under § 2255. S*ee United States v. Morris*, 429 F.3d 65, 71-72 (4th Cir. 2005), *cert denied*, 549 U.S. 852 (2006). "Accordingly, the rule is not

available for post-conviction relief for federal prisoners, . . . whose convictions became final before *Booker* was decided." *Id.* Petitioner believes that he is unable to obtain relief under § 2255 and that any decision regarding retroactive application of *Booker* to § 2255 does not transfer to nor preclude him from pursuing a writ of audita querela. "However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re Vial*, 115 F.3d at 1194 n.5.

Petitioner relies primarily on *Kessack v. United States*, No. C05-1828Z, 2008 WL 189679 (W.D. Wash. Jan. 18, 2008), in which a United States District Court for the Western District of Washington granted Kessack's writ of audita querela for equities "unique" to that petitioner, and "because *Booker* announced a new rule of constitutional law that was unforeseeable at the time," *id.* at *5-6. Petitioner's reliance on *Kessack* is flawed, however. *Kessack* is an unpublished decision and unique to the facts of that petitioner; *Kessack* is not binding precedent on this Court; and, furthermore, *Kessack*'s superior court, the United States Court of Appeals for the Ninth Circuit, declined to follow its holding, calling it "contrary to the law of [the Ninth] Circuit," *United States v. Gamboa*, 608 F.3d 492, 495 (9th Cir. 2010). Instead, the Ninth Circuit held that a writ of audita querela was unavailable to resentence prisoners sentenced under the mandatory Sentencing Guidelines prior to *Booker*. *See id.* (citing *Carrington v. United States*, 503 F.3d 888, 889 (9th Cir. 2007)).

Similar approaches have routinely failed in the Fourth Circuit. *See, e.g.*, *United States v. McRae*, No. 5:97-CR-94-6H, 2009 WL 5206410 (E.D.N.C. Aug. 3, 2009), *aff'd*, 359 Fed. Appx. 399 (4th Cir. 2009) (per curiam), *cert. denied*, 562 U.S. 872 (2010) (mem.); *United States v. Hairston*, No. 3:00-CR-24-1, 2009 WL 891929 (N.D.W. Va. Mar. 30, 2009), *aff'd*, 343 Fed. Appx. 865 (4th Cir. 2009) (per curiam), *cert. denied*, 559 U.S. 915 (2010) (mem.); *Oriakhi v.*

*United States*, No. PJM-90-72, 2008 WL 1781017 (D. Md. Apr. 16, 2008), *appeal dismissed*,

323 Fed. Appx. 233 (4th Cir. 2009) (per curiam); *Harris v. United States*, No. 2:88CR76, 2006

WL 335627 (E.D. Va. Feb. 14, 2006), *appeal dismissed*, 193 Fed. Appx. 244 (4th Cir. 2006) (per

curiam). As such, following the trend in the Fourth Circuit and the remedies provided under §

2255, Petitioner's instant writ is dismissed.

For the reasons set forth above, Petitioner's Writ of Audita Querela is dismissed. Because

the relief that Petitioner seeks is provided for by statute in § 2255, a writ of audita querela is an

unavailable remedy and this Court need not address Petitioner's claims on the merits.

Additionally, because Petitioner has previously filed motions pursuant to § 2255, he must receive

authorization from the Fourth Circuit under § 2244 before proceeding with a successive § 2255

claim, and thus this Court hesitates construing Petitioner's claim as such.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Writ of Audita Querela pursuant to Title 28,

United States Code, Section 1651 is **DISMISSED**. Because Title 18, United States Code,

Section 2255 specifically provides a prisoner in federal custody a means to challenge the validity

of his sentence, it is the appropriate remedy, and a writ of audita querela is unavailable to

Petitioner.

Because Petitioner has filed motions pursuant to § 2255 in the past, the Court **ADVISES**

Petitioner that he may pursue future motions to vacate, set aside, or correct his sentence only

upon requesting and receiving authorization from the United States Court of Appeals for the

Fourth Circuit pursuant to Title 18, United States Code, Section 2244.

Petitioner is **ADVISED** that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date of this Order

The Court **DIRECTS** the Clerk to mail a copy of this Order to the parties and counsels of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
July /2, 2016

Raymond A. Jackson
United States District Judge