

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NATHANIEL A. RICHARDSON,

    Petitioner,

v.                                                    CRIMINAL ACTION NO. 2:96-cr-153

UNITED STATES OF AMERICA,

    Respondent.

*MEMORANDUM OPINION AND ORDER*

Before the Court are Petitioner Nathaniel A. Richardson, Jr.'s ("Petitioner") two motions. On January 17, 2019, Petitioner first filed a *pro se* motion pursuant to Title 18, United States Code, Section 3582(c)(2) to reduce his sentence pursuant to Sentencing Amendments 591, 782, and 790. ECF No. 417. The same day, Petitioner also filed a *pro se* motion to reduce his sentence based on the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("FIRST STEP Act") regarding cocaine base offenses. ECF No. 418; *see* Pub. L. No. 115-391, 132 Stat. 5194 (2018). For the reasons set forth below, both motions are **DENIED**.

## I.    FACTUAL AND PROCEDURAL HISTORY

On July 25, 1996, Petitioner was indicted as part of a multi-defendant indictment on several charges related to a drug conspiracy, including:

- Count 1: Conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and a quantity of heroin (21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846)

- Count 2: Engaging in a continuing criminal enterprise (21 U.S.C. § 848)

1

- Count 3: Distribution and possession with intent to distribute of 50 grams or more of cocaine base (21 U.S.C. § 841(a)(1), (b)(1)(A))
- Count 10: Use and carrying a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1))
- Count 15: Money laundering (18 U.S.C. § 1956(a)(1)(B)(i)
- Count 16: Money laundering (18 U.S.C. § 1956(a)(1)(B)(i)

ECF No. 1. Petitioner was tried, and on October 28, 1996, he was found guilty on Counts 1, 2, 3, 15, and 16 and not guilty on Count 10. ECF No. 122. On February 3, 1997, Petitioner was sentenced. ECF No. 144. At sentencing, the Court vacated Count 1 as a lesser offense included in Count 2. *Id.* Petitioner's mandatory guideline range was Life imprisonment. ECF No. 399 at ¶ 150. The Court therefore sentenced him to Life imprisonment on Counts 2 and 3, and 240 months imprisonment on Counts 15 and 16 each, all to be served concurrently. ECF No. 144. Petitioner appealed his sentence to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), which was affirmed on August 20, 1998. *United States v. Richardson*, 162 F.3d 1158 (4th Cir. 1998) (table decision). On June 7, 1999, the Supreme Court of the United States vacated the Fourth Circuit's decision in light of *Richardson v. United States*, 526 U.S. 813 (1999). *Richardson v. United States*, 526 U.S. 1155 (1999). On November 22, 2000, the Fourth Circuit again affirmed Petitioner's conviction. *United States v. Richardson*, 233 F.3d 233 (4th Cir. 2000).

Since then, Petitioner has filed a multitude of motions for postconviction relief, all of which have been denied. *See* ECF Nos. 267 (denying Petitioner's motion under 28 U.S.C. § 2255); 281 (denying Petitioner's motion under Federal Rule of Civil Procedure 59(e)); 308 (denying Petitioner's motion under 28 U.S.C. § 2244); 310 (denying Petitioner's motion under 18 U.S.C. § 3582(c)(2)); 324 (denying Petitioner's motion under 18 U.S.C. § 3582(c)(2)); 343 (denying

Petitioner's motion under 28 U.S.C. § 2255); 393 (denying Petitioner's motion under Federal Rule of Civil Procedure 60(b)(6)); 415 (denying Petitioner's petition for writ of *audita querela*).

On January 17, 2019, Petitioner filed the instant two motions. ECF Nos. 717–18. On January 22, 2019, the Court appointed counsel for Petitioner and asked the Government and Petitioner's counsel for briefing on these motions. ECF No. 419. On April 5, 2019, Petitioner's counsel filed his response. ECF No. 429. On April 19, 2019, the Government filed its response in opposition. ECF No. 431. On May 20, 2019, Petitioner's counsel filed a reply. ECF No. 433.

## II. LEGAL STANDARD

When a court imposes a sentence of imprisonment, that is considered a final judgment on the matter. 18 U.S.C. § 3582(b). It is well established that "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart.'" *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (citing *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)). Under statutory law, a "court may not modify a term of imprisonment once it has been imposed" except in limited circumstances, including "to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

## III. DISCUSSION

### A. Petitioner's Motion under § 3582(c)(2) (ECF No. 717)

Petitioner's first motion requests that the Court reduce his Life sentence for Counts 2 and 3 by retroactively applying Sentencing Amendments 591, 782, and 790. *See* ECF No. 417 at 23–24, 32–33. Petitioner also seeks relief under the reasoning in *United States v. Miller*, No. 4:89-cr-120, 2010 WL 3119768 (D. Minn. Aug. 6, 2010).

Amendments 591 clarifies that "the sentencing court must apply the offense guideline reference in the Statutory Index [of the Guidelines Manual] for the statute of conviction." U.S.S.G.

Manual, app. C, https://guidelines.ussc.gov/ac/591. The relevant statute for Count 2 is 21 U.S.C. § 848, which according to the Statutory Index points the Court to U.S.S.G. § 2D1.5, and Count 3 is for a violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), which is connected to U.S.S.G. § 2D1.1. U.S.S.G. Manual, app. A. The Court clearly began with these guidelines in sentencing Petitioner back in 1997. ECF No. 399 at 43–44. Therefore, Amendment 591 is of no consequence to Petitioner's sentence.

Amendment 782 reduces the base offense levels of drug offenses under U.S.S.G. § 2D1.1(c). The Sentencing Commission notes which of its amendments are retroactive and grounds for claims under § 3582(c)(2) in U.S.S.G. § 1B1.10(d). While Amendment 782 is on that list, it is specifically limited to sentences that were imposed on November 1, 2015 or later. U.S.S.G. § 1B1.10(e). As Petitioner was sentenced on February 3, 1997, he has no claim under this Amendment.

Amendment 790 "is a result of the Commission's effort to clarify the use of relevant conduct in offenses involving multiple participants" and largely implements the traditional three-step analysis the Court should use in determining accountability for joint conduct. U.S.S.G. Manual, supp. to app. C at 93 (2018). This amendment does not apply to Petitioner's sentence because it is not retroactive. *See* U.S.S.G. § 1B1.10(d). Therefore, Petitioner has no claim under this Amendment.

Finally, as to his claim under *Miller*, that case involved an individual who also received a life sentence for drug trafficking charges in 1990s. *Miller*, 2010 WL 3119768, at *1. The district court there found that although career offender sentences are generally ineligible for relief under § 3582(c), the individual's case "represents a singular and unique exception." *Id.* The court found that "the offense conduct level was a dominant factor in the actual decision to find the career

4

offender category and statutory life sentence applicable," and therefore ignored the career offender enhancement and the statutory mandatory minimum. *Id.* at *2. That case is not binding on this Court; it is an unpublished case in a district court in an entirely different circuit. Moreover, several district courts, including the same court where *Miller* was decided, have questioned the reasoning in this decision. *United States v. Leon*, No. 97-cr-124, 2018 WL 3141845, at *1 n.1 (D. Minn. June 27, 2018); *United States v. Boswell*, No. cr-98-40101, 2013 WL 1625130, at *3 (D.S.D. Apr. 15, 2013); *United States v. Hernandez*, No. 3:96-cr-3, 2012 WL 3656499, at *2 (N.D.W. Va. Aug. 24, 2012); *United States v. Starks*, No. cr-95-04, 2012 WL 1142902, at *2 (S.D. Ohio Apr. 4, 2012). Lastly, the key issue in *Miller* was the effect of the mandatory career offender enhancement under the Armed Career Criminal Act, for which Petitioner did not qualify, so *Miller*, even if it is good law, is inapposite. ECF No. 399 at ¶ 118. The Court agrees and finds Petitioner has no claim of relief under *Miller*.

**B. Petitioner's Motion under the FIRST STEP Act (ECF No. 718)**

Petitioner next seeks relief under the FIRST STEP Act. Section 404 of the FIRST STEP Act applies to individuals who (1) were convicted of a statute, for which the penalties were modified by Sections 2 or 3 of the Fair Sentencing Act ("FSA"); (2) committed the offense before August 3, 2010; and (3) did not already receive a reduction under the FSA or the FIRST STEP Act. FIRST STEP Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Petitioner was convicted in Count 3 under 21 U.S.C. § 841(a)(1), (b)(1)(A). He committed the offense in the 1990s. He has not sought relief under the FSA or the FIRST STEP Act. Therefore, Petitioner initially qualifies for relief under the FIRST STEP Act.

However, the FIRST STEP Act also states that "a court that imposed a sentence for a covered offense may" grant relief to the petitioner and that "[n]othing in this section shall be

5

construed to require a court to reduce any sentence pursuant to this section." § 404(b)–(c), 132 Stat. 5222. The Court finds that the FIRST STEP Act grants broad discretion to the district courts in providing relief under this Act.

The Court declines to exercise its discretion under the FIRST STEP Act in this case. As the organizer of the drug conspiracy, ECF No. 399 at ¶¶ 19, 71, Petitioner's offense involved not just drugs, but a long series of violent acts, including assaulting people, shooting people, threating them, and offering money to kill a witness. *Id.* at ¶¶ 16–17, 41, 68, 77. Most notably, Petitioner had a criminal history category of V, the second highest in the guidelines. *Id.* at ¶ 149. Petitioner has been convicted of three separate assault and battery charges. *Id.* at ¶¶ 84, 86, 97. He was also convicted of involuntary manslaughter in the accidental shooting of the mother of one of his children. *Id.* at ¶ 95. And yet, in his *pro se* filings, Petitioner states that he "does not have a significant criminal history." ECF No. 417 at 36–38. The Court finds it troubling that an individual who has been convicted of multiple violent crimes believes that he does not have a significant criminal history, especially after twenty-two years in prison. Therefore, the Court finds that it will not exercise its discretion under the FIRST STEP Act.

## IV. CONCLUSION

Based on the reasoning stated above, the Court finds that Petitioner has no claim for relief under § 3582(c)(2) and declines to exercise its discretion to grant relief under the FIRST STEP Act. Therefore, Petitioner's Motions are both **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to Petitioner, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED.**

Norfolk, Virginia
July *11* , 2019

Raymond A. Jackson
United States District Judge