IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**NATHANIEL A. RICHARDSON,**

    **Petitioner,**

v.                                                **CRIMINAL ACTION NO. 2:96-cr-153**

**UNITED STATES OF AMERICA,**

    **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Nathaniel A. Richardson, Jr.'s ("Petitioner") Motion for Reconsideration of the Court's Order of July 11, 2019 (ECF No. 434). For the reasons set forth below, the Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 25, 1996, Petitioner was indicted as part of a multi-defendant indictment on several charges related to a drug conspiracy, including:

- Count 1: Conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and a quantity of heroin (21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846).

- Count 2: Engaging in a continuing criminal enterprise (21 U.S.C. § 848).

- Count 3: Distribution and possession with intent to distribute of 50 grams or more of cocaine base (21 U.S.C. § 841(a)(1), (b)(1)(A)).

- Count 10: Use and carrying a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)).

- Count 15: Money laundering (18 U.S.C. § 1956(a)(1)(B)(i).

- Count 16: Money laundering (18 U.S.C. § 1956(a)(1)(B)(i).

ECF No. 1. Petitioner was tried, and on October 28, 1996, he was found guilty on Counts 1, 2, 3, 15, and 16 and not guilty on Count 10. ECF No. 122. On February 3, 1997, Petitioner was sentenced. ECF No. 144. At sentencing, the Court vacated Count 1 as a lesser offense included in Count 2. *Id.* Petitioner's mandatory guideline range was Life imprisonment. ECF No. 399 at ¶ 150. The Court therefore sentenced him to Life imprisonment on Counts 2 and 3, and 240 months imprisonment on Counts 15 and 16 each, all to be served concurrently. ECF No. 144.

Since his conviction, Petitioner has filed a multitude of motions for postconviction relief, all of which have been denied. *See* ECF No. 267 (denying Petitioner's motion under 28 U.S.C. § 2255); ECF No. 281 (denying Petitioner's motion under Federal Rule of Civil Procedure 59(e); 308 (denying Petitioner's motion under 28 U.S.C. § 2244); ECF No. 310 (denying Petitioner's motion under 18 U.S.C. § 3582(c)(2)); ECF No. 324 (denying Petitioner's motion under 18 U.S.C. § 3582(c)(2)); ECF No. 343 (denying Petitioner's motion under 28 U.S.C. § 2255); ECF No. 393 (denying Petitioner's motion under Federal Rule of Civil Procedure 60(b)(6)); ECF No. 415 (denying Petitioner's petition for writ of *audita querela*).

On January 17, 2019, Petitioner first filed a *pro se* motion pursuant to Title 18, United States Code, Section 3582(c)(2) to reduce his sentence pursuant to Sentencing Amendments 591, 782, and 790. ECF No. 417. The same day, Petitioner also filed a *pro se* motion to reduce his sentence based on the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("FIRST STEP Act") regarding cocaine base offenses. ECF No. 418; *see* Pub. L. No. 115-391, 132 Stat. 5194 (2018). On July 11, 2019, the Court denied both of Petitioner's motions. ECF No. 434. On August 26, 2019, Petitioner filed a Motion for Reconsideration (ECF No. 437) of the Court's Order of July 11, 2019 (ECF No. 434).

## II. LEGAL STANDARD

When a court imposes a sentence of imprisonment, that is considered a final judgment on the matter. 18 U.S.C. § 3582(b). It is well established that "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart.'" *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (citing *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)). Under statutory law, a "court may not modify a term of imprisonment once it has been imposed" except in limited circumstances, including "to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

Pursuant to § 3582(c)(2), a sentence reduction requires a two-step analysis. *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the court must determine whether a reduction is consistent with § 1B1.10 of the Sentencing Guidelines. *Id.* Next, the court may consider whether the authorized reduction is warranted, whether in whole or in part according to the traditional sentencing factors laid out in § 3553(a). *Id.*

As a result of Congress' desire to provide finality to sentencing the district court may not act upon second thoughts on a defendant's sentence, no matter how well intentioned. *Goodwyn*, 596 F.3d at 235 *citing United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995). Further, the clear intent of § 3582 is to constrain post-judgment sentence modifications. *Goodwyn*, 596 F.3d at 236. When a change in law provides the grounds to modify a prisoner's sentence, a petitioner has an opportunity pursuant to § 3582(c)(2) to persuade the district court reduce it. *Id.* If the petitioner is not satisfied with the district court's decision, it may be appealed but a motion to reconsider is disfavored. *Id.*

3

## III. DISCUSSION

### A. Application of Amendment 782

Section 1B1.10(e)(1) of the Sentencing Guidelines states that a court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015 or later. The Court finds that the Court erred in its previous Order when it stated the following:

> Amendment 782 reduces the base offense levels of drug offenses under U.S.S.G. § 2D1.1(c). The Sentencing Commission notes which of its amendments are retroactive and grounds for claims under § 3582(c)(2) in U.S.S.G. 1B1.10(d). While Amendment 782 is on that list, it is specifically limited to sentences that were imposed on November 1, 2015 or later. U.S.S.G. § 1B1.10(e). As Petitioner was sentenced on February 3, 1997, he has no claim under this Amendment.

ECF No. 434. The Court therefore concludes that an order imposed in this matter—with an effective date of November 1, 2015, or later—would allow Amendment 782 to have a retroactive effect on Petitioner's sentence reduction. Specifically, Amendment 782's retroactive effect refers to the effective date of the Court's new, potential order for a sentence reduction and not the date of the Court's original sentencing Order.

### B. Disposition

Despite Petitioner's eligibility for a sentence reduction pursuant to Amendment 782 and the FIRST STEP Act, the Court affirms the ultimate holding of its previous Order denying Petitioner's requested relief. *See* ECF No. 434 (concluding that the Court has the discretion to reduce Petitioner's sentence under the FIRST STEP Act, but declining to do so). The Court notes that Petitioner has taken one of the Court's statements made at sentencing regarding Petitioner's leadership role in the continuing criminal enterprise and the sheer amount of crack cocaine attributable to that enterprise and twisted it into the inference that crack cocaine was the "driving force behind [Petitioner's] life sentence." ECF No. 437 at 5–6. Petitioner is correct that the

amount of crack cocaine involved in the continuing criminal enterprise in combination with his Criminal History Category of V and the mandatory nature of the sentencing guidelines at the time required the Court to impose a Life sentence.[1] However, even under the current advisory sentencing guidelines and reduced statutory and guidelines drug weight thresholds, the Court must still confront the § 3553(a) factors and apply them to Petitioner to determine whether he is well-suited for a sentence reduction. *See Dillon*, 560 U.S. at 827. Quite simply, legal eligibility for a sentence reduction does not create entitlement to a sentence reduction, particularly when the § 3553(a) factors continue to weigh against the Court's grant of a reduction.

In applying the § 3553(a) factors, the Court returns to its analysis stated in its July 11, 2019 Order. ECF No. 434. The Court is well aware that Petitioner was originally sentenced under a since-rejected sentencing scheme that was applied in a draconian manner to other crack cocaine defendants. ECF No. 437 at 5–6. Further, his requested relief is not being denied just because he had a previous conviction for involuntary manslaughter. *Id.* Rather, Petitioner's requested relief is being denied because he was the singular leader of a massive and pervasive continuing criminal enterprise all while carrying a Criminal History Category of V. Further, the acknowledged improvements Petitioner has made in prison still do not outweigh Petitioner's offense conduct and his criminal history category. Therefore, the Court reiterates its decision declining to exercise its discretion and grant Petitioner's requested relief.

---

[1] *See Kimbrough v. United States*, 552 U.S. 85 (2007) (holding that district courts may conclude that the crack/powder cocaine disparity yields sentences which are greater than necessary); *United States v. Booker*, 543 U.S. 220 (2005) (holding that mandatory guidelines sentences are unconstitutional). *See also Alleyene v. United States*, 570 U.S. 99 (2013) (holding that any fact that increases a mandatory minimum sentence is an element of crime, not a sentencing factor and must be submitted to the jury); *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that any fact that increases penalty for a crime beyond the statutory maximum must be proven to a jury beyond a reasonable doubt). The Court recognizes that each of these decisions were issued after Petitioner's sentence was imposed on February 3, 1997, resulting in an inherently different sentencing paradigm and supporting the Court's conclusion that Petitioner is eligible for consideration under the FIRST STEP Act. *See* ECF No. 434 at 5–6.

## IV. CONCLUSION

Based on the reasoning stated above, the Court affirms its decision declining to exercise its discretion to grant relief under the FIRST STEP Act. Therefore, Petitioner's Motion for Reconsideration is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to Petitioner, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED.**

Norfolk, Virginia
November 8, 2019

Raymond A. Jackson
United States District Judge